THIAGO MELLADO,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Civil Action No. 26-cv-420

**<u>FILED UNDER SEAL</u>**

### PLAINTIFF'S *EX PARTE* MOTION FOR AN ORDER TO EXTEND THE TEMPORARY RESTRAINING ORDER, CONTINUE THE SHOW CAUSE HEARING, AND MODIFY THE BRIEFING SCHEDULE

Plaintiff hereby moves this Court on an *ex parte* basis, for an order to extend the temporary restraining order, continue the show cause hearing, and modify the briefing schedule. In support thereof, Plaintiff submits the following:

## I.       <u>INTRODUCTION</u>

Plaintiff is suing Defendants for patent infringement.  Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling knock-off products within this district and throughout the United States by operating e-commerce stores established via at least one of the Internet marketplace website Temu.com under the seller identification names identified on Schedule "A" to the Complaint (the "Seller IDs").

On March 31, 2026, this Court entered a Sealed Order ("Order") granting 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts; 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants, Third Party Service Providers and Financial Institutions.

The show cause hearing is scheduled for April 28 , 2026. The Defendants' response deadline for the show cause order is set for April 27 , 2026 . (*Ference Dec.*,[1] ¶ 4). The timing of the hearing and service of the Summons, Complaint, and the *Ex Parte* Application were predicated upon all of the Third Party Service Providers and Financial Institutions acting within five (5) days of receipt of the Order.  As discussed below, third party delays have prevented Plaintiff from receiving the necessary information to serve all of the Defendants.  Thus, Plaintiff is requesting a modification of the briefing schedule and the Show Cause Hearing date.

## II.    STATEMENT OF FACTS

The Order provides that upon receipt of notice of this Order, each Third Party Service Provider and Financial Institution shall locate, attach and freeze Defendants' Assets.  The Order provides that each Third Party Service Provider and Financial Institution is to notify Plaintiff's counsel when the asset freeze is completed.  Once the Asset Freeze is completed, Plaintiff's counsel is to serve the Defendants.  (See *Ference Dec.*, ¶¶ 7 -10).

In this way, the Plaintiff is assured that Defendants are not able to avoid the Court's Order by receiving advanced notice of the suspension before the asset freeze.  (*Ference Dec.*, ¶ 9).  Plaintiff's counsel has promptly served all of the third parties  (*Ference Dec.*, ¶ 5).  As of today (April 24 , 2026), the necessary third parties have not confirmed compliance with the Order.  (*Ference Dec.*, ¶¶ 5 -  6).  Thus, not all of the third parties have complied with the asset freeze order nor provided to Plaintiff's counsel the contact information needed to accomplish alternative service upon the Defendants.  (*Ference Dec.*, ¶¶ 5, 9 - 11).

---

[1]    *Ference Dec.* refers to the Declaration of Stanley D. Ference III submitted herewith.

**III.    ARGUMENT**

It is appropriate to extend the Temporary Restraining Order, continue the Show Cause Hearing, adjust the date for serving any papers in opposition, and provide Plaintiff with additional time to serve Defendants given has not complied with the five (5) day time limit given in the Order.  Good cause exists for doing so because, *inter alia*, should Plaintiff be forced to serve Defendants prior to attachment of Defendants' Financial Accounts, Defendants are likely to move such assets.  *(Ference Dec.,* ¶ 9).

Preserving the careful sequencing of asset freeze, suspension of accounts, and finally service is provided for in the Order.  Specifically, as stated in the Order "the Court allows enough time for Plaintiff to serve the Financial Institutions and the Third Party Service Providers with this Order and for the Financial Institutions and/or the Third Party Service Providers to comply with the Paragraph I(A)(7) of this Order before requiring service on Defendants since if Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of the knock-offs or other goods infringing the Plaintiff's copyright registrations. See *id.*

**Good Cause Exists for Extending the Temporary Restraining Order**

Federal Rule of Civil Procedure 65(b) provides that a Temporary Restraining Order "order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Thus, the Temporary Restraining Order will expire unless extended by the Court.

It is not atypical to extend a Temporary Restraining Order in cases like the present case. Indeed, in *Aquapaw LLC v. Allnice*, *et al*, 20-cv-1954, this Court extended the Temporary Restraining Order twice to permit Plaintiff more time to serve the Defendants (See ECF No. 30) (Order entered December 28, 2020) and ECF No. 32 (Ordered entered January 6, 2021)); *See also Aquapaw Brands LLC v. Tiktoks, et al*., 21-696 (ECF No. 26)(Order entered June 4, 2021).

In other similar cases, Courts have extended Temporary Restraining Orders. For example, in *Talavera Hair Prods., Inc. v. Taizhou Yunsung Electrical Appliance Co., Ltd. a business entity and The Individuals, P'ships & Unicorporated Assns. Identified on Exhibit "1"*, No. 18-CV-823 (S.D. Cal. May 22, 2018) (ECF No. 16) the Court continued the hearing on the Preliminary Injunction for **two (2) weeks**, moved the time for Defendants to file papers in opposition, and extended the Temporary Restraining Order "until the Court rules on Plaintiff's Motion for Preliminary Injunction." In *Apple Corps Ltd. v. 3W Store*, No. 18-CV-60656 (S.D. Fla. April 12, 2018) (ECF No. 28), a Magistrate Judge held a hearing on the Preliminary Injunction and issued a report and recommendation. The Court issued an Order that the Temporary Restraining Order "is hereby extended and shall remain in effect until this Court rules on the Report and Recommendation issued by Magistrate Judge Patrick M. Hunt." It is not unusual in the Southern District of New York for such adjustments in briefing because of delays in Third Party Service Provider's responses. For example, in the case of *WowWee Group Limited, et. al. v. Meirly, et. al.*, Civil Case. No. 18-cv-706 (S.D.N.Y Feb. 5, 2018) (ECF No. 4), the original briefing schedule was modified based upon Plaintiff's representation that they could not serve the Defendants within the original TRO schedule; *see also Allstar Marketing Group, LLC v. 158, et. al.*, Civil Case No. 18-cv-4101 (S.D.N.Y. May 24, 2018) (ECF No. 7). Likewise, In *William Mark Corporation v 1&cc*, No. 18-CV-3889 (S.D.N.Y. May 23, 2018) (ECF No. 19),

- 4 -

a Temporary Restraining Order was entered on May 2, 2018, and the Show Cause Hearing was scheduled for June 1, 2018.  On May 14, 2018, the Temporary Restraining Order was extended until June 1, 2018.

Given that all of the third parties not yet complied with the Order, have not provided confirmation of the asset freeze, and have not provided the contact information to Plaintiff's counsel so that service may be accomplished on Defendants, good cause exists to extend the Temporary Restraining Order in this case.  Likewise, the briefing schedule which provides opposition papers be filed on or before April 27, 2026 should be extended.  Finally, the show cause hearing scheduled for April 28 , 2026, should be re-scheduled to a later date.  Based upon past experience with third parties timing for compliance with restraint orders, it would be prudent to extend the dates by two (2) weeks, at least.  (*Ference Dec.*, ¶ 11).

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully submits good cause exists for extending the Temporary Restraining Order, continuing the Show Cause Hearing, and modifying the schedule.

A Proposed Order granting this motion is submitted herewith.

Respectfully submitted,


Dated:  April 24, 2026

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile

Attorneys for Plaintiff